# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VEDA MAE DOWNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-1509 TCM |
| | ) | |
| CHARLES R. DWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Veda Mae Downing for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court is required to review a complaint filed in forma pauperis under 28 U.S.C. § 1915(e) and to dismiss it if it is frivolous, malicious, or fails to state a claim. The Court has reviewed the complaint and has determined that it fails to state a claim upon which relief can be granted. However, because plaintiff is pro se, the Court will give plaintiff an opportunity to file an amended complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the

purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for the wrongful death of her son. Named as defendants are Charles Dwyer (Superintendent, Southeast Correctional Center ("SECC")), Johnny Williams (Correctional Officer, SECC), Steven Long (Associate Director, SECC), and George Lombardi (Director, SECC). Plaintiff seeks monetary relief.

Plaintiff alleges that her son died while he was incarcerated at SECC. It is unclear from the complaint whether he committed suicide. Plaintiff alleges that her son had several medical problems during his incarceration, including a broken back, seizures and headaches. Plaintiff further alleges that he did not receive medications that he needed to control pain and that he was subjected to a number of threats that made his medical condition worse.

Plaintiff claims that defendant Dwyer was aware of her son's medical condition and that she told him that threats were causing him to have grand mal seizures but that Dwyer "did nothing."

Plaintiff says that defendant Williams "was a racist who committed many acts of threats."

Plaintiff maintains that defendant Lombardi should have transferred her son to a prison in Bonne Terre because she was having trouble driving to SECC to visit him.

There are no allegations in the complaint regarding defendant Long.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted.

Further, wrongful death claims fall under the Eighth Amendment. "A prisoner's Eighth Amendment rights are violated if prison officials exhibit deliberate indifference to the prisoner's serious medical needs." Lambert v. City of Dumas, 187 F.3d 931, 936 (8th Cir. 1999). To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). The allegations in the complaint do not rise to the level of deliberate indifference necessary to invoke the Eighth Amendment. The allegations are merely conclusory and fail to allege facts which, if proved, would entitle plaintiff to relief. The complaint fails to state a claim for this reason as well.

The complaint fails to state a claim against Lombardi because prisoners do not have a right to be transferred to any particular institution.

The complaint fails to state a claim against Long because there are no allegations that he was directly involved any misconduct against plaintiff's son.

The complaint fails to state a claim upon which relief can be granted. However, because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have 30 days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within 30 days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall, within thirty (30) days of the date of this Order, file an amended complaint. If plaintiff fails to timely file an amended complaint, this action will be dismissed.

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of August, 2010.