# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VEDA MAE DOWNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10cv1509 TCM |
| | ) | |
| CHARLES R. DWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 case is before the on the opposed motion of Defendants to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Specifically, Defendants argue that the pending amended complaint (a) fails to comply with Federal Rules of Civil Procedure 8 and 10; (b) is barred as to the allegations against Charles Dwyer, Steven Long, and George Lombardi by the doctrine of respondeat superior; and (c) is defeated by the doctrine of qualified immunity. In response, Plaintiff disputes that her complaint fails to comply with Rules 8 and 10 or that qualified immunity applies to her claims of deliberate indifference to serious medical needs. Also, she requests leave to amend her complaint to more clearly plead how each Defendant is involved in the allegedly wrongful conduct and how Dwyer had actual knowledge of the relevant factual allegations.

"'Although leave to amend "shall be freely given when justice so requires," see Fed.R.Civ.P. 15(a), plaintiffs do not have an absolute or automatic right to amend.'" **In re 2007 Novastar Financial Inc., Securities Litig.**, 579 F.3d 878, 884 (8th Cir. 2009) (quoting <u>U.S. ex rel. Lee v. Fairview Health Sys.</u>, 413 F.3d 748, 749 (8th Cir. 2005)). "[P]ermission to amend may be withheld if the plaintiff . . . is guilty of undue delay, bad faith, dilatory motive, or if

permission to amend would unduly prejudice the opposing party." **Bailey**, 563 F.3d at 307 (alterations in original) (internal quotations omitted). In their reply, Defendants did not allege that any of these of four exceptions are present in the instant case. Nor can the Court now determine a second amended complaint would be futile. See **Sherman v. Winco Fireworks, Inc.**, 532 F.3d 709, 715 (8th Cir. 2008).

Accordingly, the Court will grant Plaintiff leave to amend her complaint. In addition to clarifying the allegations as Plaintiff represents she will, Plaintiff is to include the name of her son.

Defendants' motion to dismiss is, therefore, moot and will be denied without prejudice. See **Pure Country, Inc. v. Sigma Chi Fraternity**, 312 F.3d 952, 956 (8th Cir. 2002); **James River Ins.. Co. v. Impact Strategies, Inc.**, 4:09cv1979 CAS, slip op. at 3 (E.D. Mo. Mar. 2, 2010).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff is to file her second amended complaint as set forth above **within fourteen (14) days** of this Order.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is **DENIED** as moot. [Doc. 13]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of April, 2011.